J. S02010/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTOPHER CHARLES FAUST, | : | No. 3939 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 19, 2017,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0002079-2008

BEFORE: GANTMAN, P.J.E., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED MAY 08, 2019**

Christopher Charles Faust appeals from the September 19, 2017 aggregate judgment of sentence of 22 to 45 years' imprisonment, followed by 4 years of probation, imposed after a prior panel of this court granted appellant relief pursuant to the PCRA[1] and remanded this case for resentencing on his third-degree murder and attempted murder convictions.[2] After careful review, we quash this appeal for lack of jurisdiction.

The relevant facts of this case were summarized by a prior panel of this court on direct appeal and need not be reiterated here. ***See Commonwealth v. Faust***, 64 A.3d 11 (Pa.Super. 2012) (unpublished memorandum at 1-3),

_____

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A §§ 2502(c) and 901(a), respectively.

*appeal denied*, 74 A.3d 1030 (Pa. 2013). In sum, on September 9, 2010, appellant was found guilty of third-degree murder, attempted murder, and related offenses[3] in connection with the February 24, 2008 shooting death of Anthony Dunn and attempted murder of Yahshaw Humphrey in the City of Chester. On November 3, 2010, the trial court sentenced appellant to an aggregate term of 22 to 50 years' imprisonment, followed by 4 years of probation. On December 7, 2012, this court affirmed appellant's judgment of sentence, and our supreme court denied allowance of appeal on September 10, 2013. *See id.*

On May 21, 2014, appellant filed a timely *pro se* PCRA petition. On July 7, 2014, the PCRA court appointed counsel,[4] who subsequently filed a "no merit" letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On October 7, 2015, the PCRA court granted counsel permission to withdraw and provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Thereafter, on November 2, 2015, the PCRA court dismissed appellant's petition without a hearing. Appellant appealed the order

---

[3] Appellant was also found guilty of aggravated assault, unlawful possession of a firearm, firearms not to be carried without a license, possessing instruments of crime, and recklessly endangering another person. *See* 18 Pa.C.S.A. §§ 2702(a), 6105(a), 6106(a), 907(a), and 2705, respectively.

[4] Stephen Molineux, Esq.

dismissing his PCRA petition. On April 18, 2017, a panel of this court found that appellant's sentence was unconstitutional under *Alleyne v. United States*, 570 U.S. 99 (2013), and that he was entitled to be resentenced on his third-degree murder and attempted murder convictions. *See Commonwealth v. Faust*, ___ A.3d ___, 2017 WL 1382795, at *4 (Pa.Super. 2017) (unpublished memorandum). The PCRA court's order was affirmed in all other respects. *Id.*

Following remand, the trial court appointed Robert Turco, Esq. ("Attorney Turco"), to represent appellant at the resentencing hearing. A resentencing hearing was held before the Honorable John P. Capuzzi on September 19, 2017. At the conclusion of the hearing, Judge Capuzzi resentenced appellant to 17 to 35 years' imprisonment for third-degree murder and a consecutive term of 5 to 10 years' imprisonment for attempted murder. (Notes of testimony, 9/19/17 at 29.) Appellant was informed of his post-sentence rights at said hearing and executed a "Statement of Post-Sentence Rights" that same day. *See id.* at 29-31. On October 3, 2017, Attorney Turco simultaneously filed a petition to withdraw as counsel and an untimely "Petition for Reconsideration of Re-Sentence of September 19, 2017" on behalf of appellant. In said petition, Attorney Turco avers that:

> [appellant] wrote to his counsel in a letter dated September 19, 2017, the day of sentencing [purportedly requesting he file a post-sentence motion]; however, due to the prison mail system his letter was not sent until September 27, 2017 and

> counsel did not receive it until after the 10th day to file this within Motion.

"Petition for Reconsideration of Re-Sentence of September 19, 2017," 10/3/17 at ¶ 7.

Notably, neither appellant's **pro se** letter to Attorney Turco nor any documentation evidencing when said letter was deposited with prison authorities is attached to the petition for reconsideration. Following a hearing on October 19, 2017, the trial court denied appellant's post-sentence motion "as untimely and without merit," and granted Attorney Turco's motion to withdraw. (**See** trial court order, 10/19/17.) On October 30, 2017, appellant filed a **pro se** notice of appeal, requesting the appointment of counsel. On November 17, 2017, the trial court appointed appellant's instant counsel, Karen Eileen Friel, Esq. ("Attorney Friel"), to represent him.[5]

Appellant raises the following issues for our review:

> I. [Did t]he Trial Court abuse[] its discretion by not conducting an independent review of evidence presented at [appellant's] re-sentencing hearing[?]
>
> II. [Did t]he Trial Court abuse[] its discretion by not giving [appellant] adequate reasons or explanation for its new sentence[?]

Appellant's brief at 4.

Prior to any consideration of the merits of appellant's claims, we must first determine whether this court has proper jurisdiction to hear this appeal.

---

[5] Appellant and the trial court have complied with Pa.R.A.P. 1925.

> [T]his Court can raise jurisdictional issues **sua sponte**. . . . This Court "may not enlarge the time for filing a notice of appeal. . . ." Pa.R.A.P. 105(b). **Absent a breakdown in the operations of the court, [t]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace.**

*Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa.Super. 2007) (some citations and internal quotation marks omitted; emphasis added).

Pursuant to Pennsylvania Rule of Criminal Procedure 720(A)(1), "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." *Id.* Likewise, Pennsylvania Rule of Appellate Procedure 903 provides that, "the notice of appeal required by Rule 902 . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

In the instant matter, appellant was resentenced on September 19, 2017, and thus, had 10 days, or until September 29, 2017, to file a timely post-sentence motion. *See* Pa.R.Crim.P. 720(A)(1). Appellant's post-sentence motion for reconsideration of sentence was filed on October 3, 2017, which was clearly untimely. Despite the untimeliness, the trial court held a hearing on October 19, 2017, and denied appellant's post-sentence motion "both as untimely and without merit." (Notes of testimony, 10/19/17 at 13; *see also* trial court order, 10/19/17.) As noted, appellant subsequently filed an untimely *pro se* notice of appeal on October 30, 2017.

Generally, where a post-sentence motion is untimely, the notice of appeal must be filed within 30 days of imposition of sentence. **See Commonwealth v. Dreves**, 839 A.2d 1122, 1227 (Pa.Super. 2003) (**en banc**) (stating that absent the timely filing of a post-sentence motion, the event triggering the appeal run date remains the date sentence was imposed). The filing of an untimely post-sentence motion does not toll the 30-day period to file an appeal from the judgment of sentence. **Id.** On the contrary, an untimely filed post-sentence motion will toll the appeal period "**only if** the trial court accepted it under its limited authority to allow the filing of a post-sentence motion **nunc pro tunc**." **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa.Super. 2015). Moreover, "[t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting **nunc pro tunc** relief." **Id.** (citation and internal quotation marks omitted).

Here, notwithstanding the trial court's resolution of appellant's untimely post-sentence motion, in part, on the merits, appellant's motion failed to toll the direct-appeal period, because the trial court **did not** expressly allow the late post-sentence motion **nunc pro tunc**. **See id.** at 1244; **Dreves**, 839 A.2d at 1128-1129 (stating that resolution on merits of late post-sentence motion does not alone deem late motion as filed **nunc pro tunc**). Thus, appellant's October 30, 2017 notice of appeal was clearly untimely.

During the pendency of the appeal, this court issued a rule to show cause order directing appellant to explain how his appeal was timely. (*See per curiam* order, 1/19/18.) Although represented by his instant counsel, Attorney Friel, appellant submitted a *pro se* response to this court on January 26, 2018, claiming that his post-sentence motion for reconsideration of sentence, and thus his subsequent appeal, were timely filed pursuant to the "prisoner mailbox rule," because he gave a copy of his *pro se* "motion" to prison authorities on September 20, 2017. (*See* response to rule to show cause, 1/26/18 at ¶¶ 3-4.) Appellant further noted that Attorney Turco stated at the October 19, 2017 hearing that he received *pro se* correspondence from appellant, dated September 19, 2017, indicating his desire to file a post-sentence motion, but that this letter was received after the 10-day filing deadline. (*Id.* at ¶ 5; *see also* notes of testimony, 10/19/17 at 3-4.) This court issued a second rule to show cause order on February 7, 2018, directing Attorney Friel to explain how the appeal was timely. (*See per curiam* order, 2/7/18.)[6] On February 16, 2018, appellant filed a *pro se* response to the rule to show cause order that was virtually identical to his prior response filed January 26, 2018.[7]

---

[6] We admonish Attorney Friel for failing to respond to the February 7, 2018 rule to show cause order, and failing to address the timeliness issue in her appellate brief.

[7] There is no indication in the docket as to whether the rule to show cause order was discharged and this issue was deferred to the merits panel.

Under the "prisoner mailbox rule," an appeal by a *pro se* prisoner is deemed filed on the date the prisoner deposits the appeal with prison authorities or places it in a prison mailbox, though the appeal is actually received after the deadline for filing an appeal. *See Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa.Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012). In determining the filing date of such appeals, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities[,]" including a certificate of mailing, cash slip from prison authorities, or evidence of internal operating procedures of the prison or court regarding mail delivery. *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa.Super. 2002) (citation omitted). Here, although Attorney Turco indicated at the October 19, 2017 hearing that he received *pro se* correspondence from appellant indicating his desire to file a post-sentence motion, no exhibits were presented at the hearing evidencing the date this letter was mailed, and the certified record contains no certificates of mailing, postal receipts, or any other documentation indicating when this correspondence was deposited with prison authorities. Accordingly, we agree with the trial court that appellant's October 3, 2017 post-sentence motion, and his subsequent appeal, filed October 30, 2017, were untimely. As such, we quash this appeal for lack of jurisdiction. *See Capaldi*, 112 A.3d at 1244 ("We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*.").

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/8/19</u>